

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:21-660-MGL |
| | § | |
| DEMETREUS ALEXA LEWIS, | § | |
| Defendant. | § | |

---

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

---

### I.  INTRODUCTION

Pending before the Court is Defendant Demetreus Alexa Lewis's (Lewis) motion for reconsideration of the Court's order denying his motion to suppress.  Lewis again asks the Court to suppress evidence seized during a vehicle search incident to his arrest.  Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court Lewis's motion will be denied.

### II.  FACTUAL AND PROCEDURAL HISTORY

The Court set out a full recitation of the facts in its order denying Lewis's motion to suppress.  It therefore only summarizes them here.

On January 15, 2021, Lewis was allegedly involved with a domestic violence incident in Richland County, South Carolina.  Richland County Sheriff's Department (RCSD) thereafter secured an arrest warrant for Lewis.

Officers with the Sumter City Police Department (SCPD) became aware of the incident and obtained information that Lewis was headed toward an address in Sumter, South Carolina. They also learned of the existence of the RCSD warrant.

The first officers on the scene were wearing vests equipped with body-worn cameras (BWCs), but they failed to activate them during the incident.  Three officers who arrived purportedly only seconds later activated their BWCs.

When Lewis arrived at the Sumter address, the officers stopped the car.  Officers placed Lewis in handcuffs.  After officers saw drugs and firearms in the car, they searched the car.  There is no BWC footage of the search, but the officers did take some pictures, albeit blurry.

SCPD officers thereafter took Lewis to the SCPD headquarters, where RCSD officers evidently arrived and served the warrant.

A grand jury subsequently indicted Lewis of felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e).  Lewis filed his motion to suppress, to which the government responded.  The Court held a hearing and thereafter issued an order denying the motion to suppress.

Lewis filed the instant motion for reconsideration, and the government responded.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.


III.     **STANDARD OF REVIEW**

The Court may entertain a motion for reconsideration before the entry of judgment in a criminal case.  *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985).  As the Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration, the Court will look to the rules governing civil cases as a substantive guidepost.  *See United States v. Randall*, 666 F.3d

1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper.") (internal quotation marks omitted).

The Fourth Circuit has found three grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 54(b): "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (internal quotation marks omitted) (explaining this standard "closely resembles" the standard under Rule 59(e), which applies after the entry of judgment).

## IV.   DISCUSSION AND ANALYSIS

### A.   *Whether the Court erred in denying the motion to suppress on Fifth Amendment due process grounds*

Lewis argues the Court made a clear error of law by requiring bad faith for suppression based on the fact that the first officers on the scene failed to activate their BWCs. The government insists a showing of bad faith—and prejudice—is required.

First, Lewis appears to contend *Youngblood* fails to require a bad faith showing. *See* Motion at 2 (quoting *Arizona v. Youngblood*, 488 U.S. 51, 62–63 (1988) (Blackmun, J., dissenting)) ("the Court in *Brady* ruled that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution'" (quoting *Brady v. Maryland*, 373 U.S. 83 (1963)).

The Court is bound by the majority of the Supreme Court, rather than the dissent. The majority in *Youngblood* made clear that "unless a criminal defendant can show bad faith on the

3

part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. at 58. As the Court previously explained, Lewis has failed to show bad faith here.

Not only that, Lewis has also failed to show prejudice. *See Youngblood*, 488 U.S. at 58 (reasoning courts should find a due process violation only in "those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant."). There is simply a dearth of evidence in this case to indicate that the officers' actions hid facts favorable to Lewis. The Court thus rejects Lewis's argument that the Court misapplied *Youngblood*.

And, to the extent Lewis raises an independent argument under *Brady* for the first time in this motion, such an argument fails for the same reasons. *See Gilliam v. Sealey*, 932 F.3d 216, 238 (4th Cir. 2019) ("Unlike prosecutors, . . . police officers commit a constitutional [*Brady*] violation only when they suppress exculpatory evidence in bad faith.").

Next, Lewis insists that South Carolina has created a due process interest in having officers activate BWCs, alleviating any required bad faith showing. As described in the Court's previous order, however, the South Carolina statute offers only guiding principles, leaving the development of body camera guidelines to the Law Enforcement Training Council and policies to state and local law enforcement agencies. S.C. Code Ann. § 23-1-240.

Thus, the Court determines the statute fails to create a due process interest. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (holding a statute may create due process protections if it "plac[es] substantive limitations on official discretion.").

And, even if it did create such an interest, the officers' actions, although imperfect, were constitutionally sufficient. *See Strickland v. United States*, 32 F.4th 311, 352 (4th Cir. 2022)

4

(explaining that once the state creates a due process interest, "the floor for the procedures due is set by the federal Constitution").

"[A] liberty interest is of course a substantive interest of an individual; it cannot be the right to demand needless formality.  Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250 (internal quotation marks omitted).  In other words, even if Section 23-1-240 established a due process right of the use of BWCs, it would fail to require strict adherence to local policies, i.e. SCPD's BWC policy, undescribed in the statute itself.

Here, three officers activated their BWCs mere moments after the encounter began.  The officers documented the search of the car with photographs.  Thus, the stop, arrest, and search of Lewis were sufficiently documented and satisfied any due process requirements.

In sum, the Court made no clear error of law, nor did its ruling on Lewis's due process arguments result in manifest injustice.  Accordingly, it will deny the motion for reconsideration as to this ground.

**B.     *Whether the Court erred in denying the motion to suppress on Fourth Amendment grounds***

Lewis also posits the Court made a clear error of law in its determination that the stop and seizure was constitutional under the Fourth Amendment because the officers failed to have the Richland County arrest warrant endorsed by a Sumter County Magistrate Judge and because the officers failed to corroborate the information that led them to stop Lewis.  The government maintains endorsement was unrequired, and the officers had independent grounds to arrest Lewis.

Under S.C. Code Ann. § 22-5-190(A), "[a] magistrate may endorse a warrant issued by a magistrate of another county when the person charged with a crime in the warrant resides in or is

in the county of the endorsing magistrate." The language in this statute is permissive, and also fails to bar arrest of a suspect on another valid ground.

As the Court previously explained, other valid grounds existed in this case. The officers had reasonable, articulable suspicion to stop and arrest Lewis. *See Alabama v. White*, 496 U.S. 325, 327–32 (1990) (reasoning that the Court must consider both the "quantity and quality" of the corroborating information possessed by the police). A red car matching the description given to the SCPD officers arrived at the exact location provided. And, they knew he had an outstanding arrest warrant in Richland County. Rather than executing it themselves, the SCPD officers turned Lewis over to RCSD officers for execution of that warrant. The Court need not further rehash its analysis of the corroborating details in this order.

Again, the Court made no clear error of law in its ruling on Lewis's Fourth Amendment arguments. The Court will thus deny the motion for reconsideration on this ground as well.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Lewis's motion for reconsideration, ECF No. 62, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 31st day of October 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

6